UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF NORTH CAROLINA

CHARLOTTE DIVISON

FILED
CHARLOTTE, NC

NOV 18 2024

US DISTRICT COURT
WESTERN DISTRICT OF NC

| | | |
|---|---|---|
| Brandace Hopper | ] | |
| Plaintiff | ] | |
| Vs. | ] | Case# 3:24-cv-880-MOC-SCR |
| NAVY FEDERAL CREDIT UNION | ] | |
| Defendant | ] | Right to Amend Reserved |

## AMENDED VERIFIED COMPLAINT - F.R.C.P 15(a)(1)(B)

[ "Cujusque Rei Potissima Pars"][The Principle Part Of Everything Is In The Beginning]

### I. Introduction

NOW COMES the Plaintiff, Brandace Hopper, propia persona, and as the implied surety for the BRANDACE HOPPER Estate, for his amended verified complaint against the Defendant pursuant to F.R.C.P 15(a)(1)(B), Navy Federal Credit Union, and states and alleges as follows:

### 1. Parties:

**Plaintiff:** Brandace Hopper, living man acting as surety, beneficial account owner, and consumer, residing at 6305 Wyndham Hill Dr, Charlotte, NC 28269.
**Defendant:** Navy Federal Credit Union a financial institution with principal offices at 1007 Electric Avenue, Vienna, VA 22180-4907 and doing business in the County of Mecklenburg, State of North Carolina as a foreign entity.

### 2. Jurisdiction and Venue:

a. This Court has jurisdiction over this action pursuant to **28 U.S.C. § 1331** (federal question jurisdiction) because the plaintiff asserts claims arising under federal

law, specifically the **Electronic Funds Transfer Act (EFTA)**, 15 U.S.C. § 1693, and the **Fair Credit Reporting Act (FCRA)**, 15 U.S.C. § 1681n.
   b. The Court also has supplemental jurisdiction over the plaintiff's state law claims pursuant to **28 U.S.C. § 1367(a)**, as the state law claims form part of the same case or controversy under Article III of the U.S. Constitution.
   c. Venue is proper in the Western District of North Carolina, Charlotte Division, pursuant to **28 U.S.C. § 1391(b)**, as a substantial part of the events or omissions giving rise to the claim occurred in Mecklenburg County, North Carolina.

## II. Factual Background

1. On or about March 26, 2024, an unauthorized loan application in the amount of $3,999 (Reference Number: 20240861729490) was fraudulently submitted in Plaintiff's name without his consent. Additionally, a fraudulent transfer of $4,999 was made from Plaintiff's account online at Navy Federal Credit Union's website. Plaintiff did not become aware of the loan application until he called to make the complaint regarding the unauthorized transaction.
2. Plaintiff promptly notified Navy Federal Credit Union of the fraudulent transactions and provided all requested documentation necessary to initiate a fraud investigation. Despite this, Navy Federal denied the fraud claim without sufficient justification or transparency and failed to conduct a thorough investigation, thereby misleading the Plaintiff into believing the matter was resolved when it was not.
3. Navy Federal's handling of Plaintiff's claims involved misrepresentation of the adequacy of its security systems, including multi-factor authentication and verification protocols, which, as a federally insured institution and Title 12 organization, should adhere to industry standards to protect consumer accounts. The Defendant's failures amount to unfair and deceptive trade practices in violation of federal law.
4. Despite Plaintiff's timely notifications and the submission of supporting evidence, Navy Federal denied the fraud claim without sufficient justification or transparency. Plaintiff requested evidence of the investigation conducted by Navy Federal on multiple occasions, as documented in the attached exhibits, but Defendant failed to provide any meaningful evidence that Plaintiff knew or authorized the transaction to another NFCU member who received the transfer. The defendant's responses insinuate that their multi-factor authentication system cannot be exploited, nor have they offered details that substantiate their decision to deny the claim.
5. Defendant's repeated failure to produce evidence of a proper investigation and their continued denial of Plaintiff's claims without just cause constitute a breach of their statutory obligations under the **Electronic Funds Transfer Act (EFTA)** and a failure to meet the standard of care required for the protection of customer accounts.
6. The unauthorized transactions have caused significant financial loss and emotional distress to the plaintiff.

7. An unauthorized credit inquiry related to the fraudulent loan application has adversely impacted the plaintiff's credit score.
8. As implied surety for the BRANDACE HOPPER Estate, the plaintiff invokes his equitable right to contribution for any liability and burden imposed due to these unauthorized transactions. The plaintiff also invokes his right to indemnification, as the surety, regarding the unauthorized financial burdens resulting from Navy Federal's actions or lack thereof when scammed by another Navy Federal member by known exploits in spoofing Navy Federal Credit Unions phone number and fraud prevention process.
9. Plaintiff formally requested that all funds in his account, including Federal Reserve Notes (FRNs), be redeemed in **lawful money** as provided under **12 U.S.C. § 411**. This request constitutes the creation of a **special deposit**, which, under legal principles, segregates the funds from general deposits and prevents participation in the fractional reserve banking system. The ownership and title of the funds remain with the surety/depositor, and the Defendant's obligation is to manage such funds with a heightened fiduciary duty.
10. Plaintiff asserts that the demand redemption of funds as lawful money creates a **special deposit**, placing the funds under a distinct status where they are not subject to general lending and reserve requirements under fractional reserve banking. As a result, Navy Federal holds these funds in a fiduciary capacity and must ensure their safekeeping and proper handling in accordance with the special deposit status.
11. The **U.S. Treasury** retains responsibility for any lawful money payouts upon demand, as the redemption mechanism for lawful money rests with the Treasury's obligations under **12 U.S.C. § 411** and the **Federal Reserve Act**. Plaintiff's demand for redemption establishes a right to such treatment, consistent with the statutory mandate for redeeming obligations of the United States.
12. Federal Reserve notes shall be redeemed in lawful money at any Federal Reserve Bank. Lawful money is defined as all the coins, notes, bills, bonds, and securities of the United States. Juilliard v. Greenman, 110 U.S. 421 (1884); Bills, bonds, and securities of the United States are still available in circulation for the redemption of FRNs.
13. Federal courts have the equity jurisdiction exercised by the English Court of Chancery at the time of the adoption of the Constitution, and the substantive principles of Courts of Chancery remain unaffected by the merger of law and equity. (Newby v. Enron Corp., 188 F. Supp. 2d 684 (S.D. Tex. 2002))
14. **Clarity on the Fiduciary Relationship**: Navy Federal, as a federally chartered institution operating under the **National Credit Union Administration (NCUA)** and subject to **Title 12 of the United States Code**, explicitly represents itself as an organization committed to consumer protection, secure banking practices, and adherence to rigorous security protocols, including multi-factor authentication and account verifications. These representations establish Navy Federal's special fiduciary relationship with Plaintiff, who relied upon Defendant to protect the integrity, security,

and access to his financial assets as the beneficial owner of his account. By assuming control over Plaintiff's financial assets, Navy Federal owed Plaintiff a heightened duty of care and loyalty to protect his assets from unauthorized access or misuse.
15. Despite this fiduciary obligation, Navy Federal's actions and omissions, including its failure to properly investigate and resolve the fraudulent transactions, directly caused significant harm to Plaintiff:
    a. **Causation and Damages**: As a direct and proximate result of Defendant's breach of fiduciary duty, Plaintiff suffered the following damages:
    b. **Financial Losses**: Plaintiff's account suffered a loss of $4,999 due to the unauthorized transfer, as well as a securitized loan application in the amount of $3,999, which was fraudulently initiated and remains a liability.
    c. **Damage to Credit Reputation**: The fraudulent loan application and related unauthorized activity triggered multiple credit inquiries, damaging Plaintiff's credit reputation and resulting in the denial of opportunities due to excessive inquiries on his credit report.
    d. **Emotional Distress**: Plaintiff experienced stress, anxiety, and emotional distress resulting from Defendant's refusal to adequately protect his account and resolve his claims.

## Legal Standards and Claim Sufficiency

Plaintiff's claims are legally sufficient under **Federal Rule of Civil Procedure 12(b)(6)**. The Complaint provides factual content that allows the Court to draw a reasonable inference that the Defendant is liable for the misconduct alleged. **Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)** dictates that a claim has facial plausibility when the plaintiff pleads factual content demonstrating that the defendant acted improperly. Further, as a pro se plaintiff, Plaintiff's claims must be construed liberally and in the light most favorable to him **(Karim-Panahi v. L.A. Police Dep't, 839 F.2d 621, 623 (9th Cir. 1988))**.

## III. Causes of Action

**Count 1. Violation of the Electronic Funds Transfer Act (EFTA) and Regulation E (12 CFR Part 1005):**

   a. Defendant failed to conduct a reasonable and timely investigation into Plaintiff's claims of unauthorized transactions, in violation of **15 U.S.C. § 1693f**. Defendant's failure to provide evidence of a proper investigation regarding the social engineering tactics by another NFCU member exploiting push notification multifactor authentication without my explicit awareness or authorization, despite multiple requests from Plaintiff, demonstrates a disregard for the statutory requirements of the EFTA.

b. The defendant's response to the plaintiff's fraud claim was grossly inadequate, highlighting systemic issues such as cybersecurity and social engineering exploits within Navy Federal's fraud management practices.
   c. **Supporting Case Law**: In **Bourne v. Wells Fargo Bank, N.A., 2019 WL 1434767 (D. Colo. 2019)**, the court found that banks must conduct thorough investigations into unauthorized transactions. Defendant's failure to do so here constitutes a statutory violation.

**Count 2. Unauthorized Credit Inquiry:**

   a. Plaintiff realleges and incorporates by reference all previous paragraphs as if fully set forth herein.
   b. On March 26th, the defendant made an unauthorized credit inquiry and reported it as a data furnisher as part of the fraudulent loan application, adversely affecting the plaintiff's credit score.
   c. This inquiry contravenes the principles of accurate and fair credit reporting under the Fair Credit Reporting Act (FCRA), specifically 15 U.S.C. § 1681n, which outlines civil liability for willful noncompliance.
   d. **Safeco Ins. Co. of America v. Burr, 551 U.S. 47 (2007)**: Willful noncompliance with the FCRA involves statutory damages. Navy Federal's unauthorized credit inquiry can be construed as such noncompliance.

**Count 3. Right to Indemnification and Contribution as Surety**

   a. Plaintiff realleges and incorporates by reference all previous paragraphs as if fully set forth herein.
   b. As the implied surety for the BRANDACE HOPPER Estate and holder of the account with Navy Federal, Plaintiff asserts that the Defendant's actions, including but not limited to the fraudulent transactions processed on the Plaintiff's account, created a financial burden for which Plaintiff is secondarily liable.
   c. Under equitable principles of suretyship, Plaintiff is entitled to contribution from Navy Federal for the financial burdens imposed as a result of the unauthorized transactions. Plaintiff's role as surety obligates Navy Federal, as a co-obligor and manager of the account, to share the burdens and liabilities arising from its failure to protect the Plaintiff's financial interests.
   d. Plaintiff is further entitled to indemnification from Navy Federal for any and all financial losses, damages, and liabilities incurred due to the fraudulent activity that was permitted to occur under the Defendant's management and control of Plaintiff's account.
   e. Equitable Relief: As a surety, Plaintiff seeks equitable relief for contribution and indemnification from Navy Federal, as their actions and omissions created undue

liabilities and burdens that must be shared and indemnified under the principles of equity and fiduciary responsibility.

**Count 4. Breach of Fiduciary Duty:**

    a. Plaintiff realleges and incorporates by reference all previous paragraphs as if fully set forth herein.
    b. The defendant's decision to deny the plaintiff's claims or rights disregards the duty of prudence, care, and loyalty owed to the plaintiff as a surety depositor and the account beneficial owner.
    c. The handling of the fraud claim demonstrates a neglect of these fiduciary duties.
    d. Defendant, by virtue of Plaintiff's status as an account holder, implied surety, and beneficiary of a special deposit, owed a fiduciary duty to protect and manage Plaintiff's assets with the highest degree of care and loyalty. Defendant's failure to properly investigate fraudulent transactions, refusal to provide evidence of such meaningful investigations, and negligence in account security measures constitute a breach of this duty. Plaintiff suffered significant financial losses and damage to her credit as a direct result.
    e. Navy Federal Credit Union did not fulfill its obligations to the Plaintiff as the consumer, beneficial owner, and surety to limit the plaintiff's liability for unauthorized electronic fund transfers. The defendant's response to the plaintiff's fraud claim was grossly inadequate, highlighting systemic issues such as cybersecurity and social engineering exploits within Navy Federal's fraud management practices.
    f. The defendant failed to handle the fraud alerts and claim submissions adequately, which constitutes a breach of fiduciary duty. Maxims provide Equity will not allow a wrong without a remedy.
    g. **Supporting Case Law**: The court in **Doe v. Yale Univ., 252 Conn. 641 (2000)** recognized that a fiduciary duty exists when one party undertakes to protect another's interests, creating a relationship of trust and reliance. This principle is further supported by **United States v. Chestman, 947 F.2d 551 (2d Cir. 1991)**, which established that fiduciary duties arise when a party assumes a role primarily to benefit another.
    h. **Dallaire v. Bank of America, N.A., 367 N.C. 363, 760 S.E.2d 263 (2014)**: Special circumstances, such as Navy Federal's role in handling and safeguarding the plaintiff's finances, could establish a fiduciary duty, which was breached by their failure to act prudently.

### IV. Damages Sought

1. **Actual Damages:**
    a. Reimbursement of $4,999 for the unauthorized transfer.
    b. Reimbursement of $3,999 related to the fraudulent loan application.
    c. Compensation for financial losses incurred due to the unauthorized transactions.
    d. Compensation for the adverse impact on the plaintiff's credit score.

2. **Statutory Damages:**
    a. Pursuant to 15 U.S.C. § 1693m(a)(2)(A), the plaintiff seeks statutory damages for the violations of the EFTA and Regulation E coupled with **unfair, deceptive, or abusive acts** or practices under the **Dodd-Frank Act**, resulting from Navy Federal Credit Union's failure to protect the plaintiff from fraudulent transactions and unauthorized credit inquiries.
    b. Pursuant to 15 U.S.C. § 1681n, the plaintiff seeks statutory damages for willful noncompliance with the FCRA with reporting with no permissible purpose.

3. **Additional Damages:**
    a. Compensation for emotional distress caused by the unauthorized transactions and the defendant's failure to address the issue adequately.

### V. Prayer for Relief

WHEREFORE, the plaintiff, Brandace Hopper, respectfully requests that this Court enter judgment in favor of the plaintiff and against the defendant, Navy Federal Credit Union, for the following relief:

1. Award the Plaintiff **actual damages** in the amount of **$8,998**, representing the total of the unauthorized transfer ($4,999) and the fraudulent loan application ($3,999), along with any additional financial losses sustained due to the defendant's failure to address the fraudulent activities.
2. Award the Plaintiff Statutory damages as provided under **15 U.S.C. § 1693m**, and **15 U.S.C. § 1681n**.
3. Award the Plaintiff **additional damages for emotional distress** caused by the unauthorized transactions, defendant's failure to investigate the claims, and the resulting harm to Plaintiff's credit and financial stability, in the amount of **$10,000**.
4. **Order** Defendant to redeem Federal Reserve Notes for lawful money in compliance with **12 U.S.C. § 411** and to treat the funds as a **special deposit** with appropriate fiduciary handling.
5. **Grant** equitable relief for contribution and indemnification from the unauthorized transaction at Navy Federal, as their actions and/or inactions created undue liabilities and

burdens that must be shared and indemnified under the doctrines and principles of equity jurisprudence and fiduciary responsibility.
6. **Grant any other relief** this Court deems just and proper.

---

Exhibits:
1. Police Report (Exhibit 1).
2. Declaration of Forgery/Fraud (Exhibit 2).
3. Transaction Records (Exhibit 3).
4. Correspondence with NFCU (Exhibit 4).
5. CFPB Complaint (Exhibit 5).
6. Notice from TransUnion dated March 5, 2024 (Exhibit 6).
7. Redemption Notice (Exhibit 7).

**Verification:**
I declare under penalty of perjury under the laws of the United States of America that the foregoing facts and details is true and correct.

Dated: November 10, 2024
/s/ Brandace Hopper

Brandace Hopper
Plaintiff
6305 Wyndham Hill Dr
Charlotte, NC 28269
704-606-0848

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of this Notice of Motion and that all exhibits were sent to the attorney of record parties by first-class mail and email on this 10th day of November 2024.

**Mailed to the following:**

James D. Horne, Jr.
Troutman Pepper Hamilton Sanders LLP
301 South College Street, Suite 3400
Charlotte, North Carolina 28202

By: /s/ Brandace Hopper